UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PATRICK D. FOWLER,

Plaintiff,

v.                                                          Case No. 25-CV-1193

VIRGINIA TRZEBIATOWSKI,

Defendant.

**ORDER**

Plaintiff Patrick Fowler is incarcerated at the Wisconsin Secure Program Facility and representing himself in this 42 U.S.C. § 1983 case. On September 29, 2025, the Court screened the complaint and allowed Plaintiff to proceed on Eighth Amendment and state-law negligence and medical malpractice claims against Defendant Advanced Practice Nurse Prescriber Virginia Trzebiatowski based on allegations that, in 2022, Defendant failed to properly evaluate and treat Plaintiff's chronic constipation and hemorrhoids. This matter comes before the Court on Defendant's motion to compel Plaintiff to sign medical and incarceration authorization forms permitting Defendant to gain access to Plaintiff's medical records. Although Defendant originally sought Plaintiff's medical records for a period of ten years prior to Plaintiff's alleged injury, she has since narrowed her request to only five years prior to the alleged injury, or 2017. Plaintiff submitted signed information disclosure forms to Defendant authorizing the release of information from January 1, 2022, through the present. He asserts that the records prior to January 1, 2022, are not relevant to this action.

The Court is satisfied that Defendant is entitled to access Plaintiff's medical records from January 1, 2017, to the present, as requested. By alleging that Defendant was deliberately indifferent to his chronic constipation and hemorrhoids, Plaintiff has placed his medical health condition at issue. *See Brown v. Picknell*, No. 18-CV-1653, 2019 WL 4118788, at *2 (E.D. Wis. Aug. 29, 2019) ("Although a plaintiff may have a constitutional interest in protecting the confidentiality of his medical records, such an interest is waived when he files suit against defendants alleging claims that place his medical condition at issue." (citation omitted)). Because Plaintiff's condition is a chronic one that develops progressively over time, the medical records for the period prior to 2022 are relevant to whether Plaintiff had a pre-existing condition, whether Plaintiff sought treatment for the same symptoms, and whether prior treatment was effective. Without access to Plaintiff's medical records, Defendant cannot properly defend herself in this action.

Accordingly, Defendant's motion to compel (Dkt. No. 33) is **GRANTED**. Plaintiff shall execute a written authorization granting Defendant access to his medical records for the period of January 1, 2017, to the present within fourteen days of the date of this order. Failure to submit a signed medical authorization form to Defendant's attorney will result in dismissal of this case based on Plaintiff's failure to prosecute.

**SO ORDERED** at Green Bay, Wisconsin on April 7, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge

2