UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PATRICK D. FOWLER,

Plaintiff,

v. Case No. 25-CV-1193

VIRGINIA TRZEBIATOWSKI,

Defendant.

**DECISION AND ORDER**

Plaintiff Patrick D. Fowler is currently incarcerated at Wisconsin Secure Program Facility (WSPF) and representing himself in this 42 U.S.C. § 1983 case. He is proceeding on Eighth Amendment and state-law negligence and medical malpractice claims based on allegations that Defendant APNP Virginia Trzebiatowski provided inadequate treatment for his hemorrhoid condition while he was housed at Green Bay Correctional Institution (GBCI) in 2022. On September 4, 2026, Defendant filed a motion for summary judgment on the ground that Plaintiff failed to exhaust administrative remedies before filing this lawsuit. (ECF No. 52.) Plaintiff filed his own motion for summary judgment on the merits on September 17, 2026. (ECF No. 60.) The Court stayed briefing on Plaintiff's motion for summary judgment pending a decision on Defendant's motion. For the following reasons, Defendant's motion for summary judgment will be denied.

**BACKGROUND**

Plaintiff asserts that, on July 18, 2022, while he was housed at GBCI, he was seen and treated for hemorrhoids. On August 4, 2022, he saw Defendant, who prescribed phenylephrine, a

vasoconstrictor found in ointments to treat hemorrhoids. On September 23, 2022, Plaintiff saw Defendant and informed her that his condition had worsened. Defendant extended his prescription for phenylephrine and added a prescription for hemorrhoidal suppository, Vaseline, hydrocortisone, and MiraLAX. On November 15, 2022, Plaintiff informed Defendant that he was still having pain from the hemorrhoids, and in response, she continued the prescriptions that he told her were ineffective. On December 30, 2022, Plaintiff was transferred to WSPF.

On July 26, 2023, Plaintiff filed an inmate complaint, WSPF-2023-12034. He stated that his issue was "[g]ross negligence/mismanagement of medical plan/condition by Dr. Ribault and Dr. Trzebiatowski and Nurse Wehrle. I want acknowledgement and admission of fault. Lori Wachholz was also negligent." (ECF No. 54-2 at 1.) He stated:

> On 7-20-2023 I had a review of my medical file and discovered that both Dr. Justin Ribault and Dr. Virginia Trzebiatowski made decisions regarding my medical condition with hemorrhoids that caused my condition to worsen and me to be continuously put through undue pain. Dr. Trzebiatowski never once did a physical examination of my condition yet when nurses complained that I had been using/requesting too many tubes of ointment she also never considered the seriousness of my condition. Instead she order more creams, ointments that proved to be useless.
>
> Lori Wachholz intercepting an email to Dr. Trzebiatowski on 12-28-22, discontinued one of those creams after a nurse complained that I was "requesting" too many tubes of ointment. Lori Wachholz also never examined me. And neither did Nurse Kortney C. Oviedo prior to her assertion of over use nor after.
>
> Dr. Ribault, after referring me to general surgery for my hemorrhoids on 1-24-23, ignored the treatment plan of the specialist and did not order the treatment for the hemorrhoids. Dr. Ribault never examined me.
>
> After I was given the colonoscopy I complained to HSU that I did not have the hemorrhoidal banding (something I was lead to believe would happen when I spoke to Dr. Ribault on or around 5-17-23) and nurse lied and stated that the colonoscopy was to check the severity and location of the hemorrhoids, however, this is not stated anywhere in the record. Neither by the specialist or Dr. Ribault.
>
> For the purpose of this complaint I consent to the examiner having access to my medical file.

> I want to be clear the only person of all these mentioned in this complaint who actually examined me was the outside specialist Dr. Kramer. The rest however did not and made decisions that adversely affected me.

(*Id.* at 1–2.)

The Inmate Complaint Examiner (ICE) accepted the inmate complaint as timely filed and reviewed the complaint with Health Services Manager Parr. The ICE acknowledged that Plaintiff had been seen frequently beginning in July 2022 for hemorrhoid issues and reviewed the medical record beginning March 7, 2023, after Plaintiff was transferred to WSPF. The ICE recommended affirming the inmate complaint, which the Reviewing Authority did on August 25, 2023. (*Id.* at 3–5.)

## LEGAL STANDARD

"A motion for summary judgment is a contention that the material facts are undisputed and the movant is entitled to judgment as a matter of law." *Hotel 71 Mezz Lender Ltd. Liab. Co. v. Nat'l Ret. Fund*, 778 F.3d 593, 601 (7th Cir. 2015) (citing Fed. R. Civ. P. 56(a)). The Court does not "weigh the evidence and determine the truth of the matter" but rather "determine[s] whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The movant has the burden to show that summary judgment is appropriate. *Weaver v. Champion Petfoods USA Inc.*, 3 F.4th 927, 934 (7th Cir. 2021). The Court will "read the facts and draw all reasonable inferences in the light most favorable to the non-moving party." *Flowers v. Kia Motors Fin.*, 105 F.4th 939, 945 (7th Cir. 2024) (citation omitted). Nonetheless, the non-movant must go beyond mere allegations and conclusions and instead support its contentions with proper documentary evidence. *Foster v. PNC Bank*, 52 F.4th 315, 320 (7th Cir. 2022); *Weaver*, 3 F.4th at 934. Speculation is insufficient to create a genuine dispute of material fact. *Id.* If the movant sustains its burden and shows both that there are no disputed material facts and that it is entitled to

judgment as a matter of law, "[t]he court shall grant summary judgment . . . ." Fed. R. Civ. P. 56(a).

## ANALYSIS

Under the Prison Litigation Reform Act (PLRA), "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion requires that an inmate comply with the rules applicable to the grievance process at the inmate's institution. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). The Seventh Circuit applies a "strict compliance approach to exhaustion," *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006), and expects inmates to adhere to "the specific procedures and deadlines established by the prison's policy," *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015), *overruled on other grounds by Henry v. Hulett*, 969 F.3d 769 (7th Cir. 2020). "Failure to exhaust is an affirmative defense for which the defendants carry the burden of proof." *Ramirez v. Young*, 906 F.3d 530, 533 (7th Cir. 2018) (citation omitted).

Wisconsin has established the Inmate Complaint Review System to review inmate complaints. Wis. Admin. Code § DOC 310.05. Inmates must file an inmate complaint with the ICE within 14 days of the relevant occurrence giving rise to the complaint. § DOC 310.07(2). The ICE shall either reject the complaint or send a recommendation to the Reviewing Authority. § DOC 310.10(9). The Reviewing Authority has fifteen days to make a decision following the receipt of the recommendation or appeal of a rejected complaint. § DOC 310.11(1). An inmate who is dissatisfied with the resolution of his inmate complaint may appeal the decision to the Correctional Complaint Examiner within 14 days. § DOC 310.12. The Secretary shall make a

decision within 45 days following receipt of the Correctional Complaint Examiner's recommendation and that decision is final. § DOC 310.13.

Defendant asserts that Plaintiff failed to exhaust the available administrative remedies against her before he initiated this lawsuit. She argues that Plaintiff's inmate complaint was untimely because it was not filed within 14 days of the occurrence giving rise to the complaint as required by § DOC 310.07(2). Defendant contends that, while Plaintiff complains about Defendant's treatment decisions made on August 4, 2022, September 23, 2022, and November 15, 2022, Plaintiff did not file an inmate complaint about her conduct until July 2023, approximately seven months after the last act and his transfer to WSPF. Yet, the ICE broadly accepted Plaintiff's inmate complaint as timely filed. The ICE did not indicate that Plaintiff's allegations regarding his treatment at GBCI were untimely, even though his treatment at GBCI was specifically discussed in the inmate complaint. In short, Plaintiff's untimely filing was excused by the ICE.

Defendant also asserts that Plaintiff's post-transfer inmate complaint did not give GBCI notice and an opportunity to investigate Plaintiff's grievance. Under Wis. Admin. Code DOC § 310.07(9), "[i]f an inmate is transferred after an incident but before filing a complaint, the inmate shall file a complaint related to the incident at the currently assigned institution. The ICE shall refer the complaint to the ICE at the appropriate institution for investigation and reviewing authority decision. If the transfer is to a contracted facility, the inmate shall file the complaint with the institution where the issue arose." Plaintiff argues that when he filed his inmate complaint at WSPF, he clearly stated the names of the personnel and actions he was grieving, which included Defendant and her conduct. He contends that it was the ICE's responsibility, not his own, to refer his inmate complaint to the appropriate examiner and reviewing authority at GBCI.

Defendant asserts that the ICE's duty to refer an inmate complaint to the appropriate institution is only triggered by an inmate's timely filing of a complaint. Defendant argues that inmates must strictly comply with the grievance procedures while also asserting that the procedures be read broadly to include requirements not specifically stated in the regulations. "The Prison Litigation Reform Act was not meant to impose the rule of 'heads we win, tails you lose' on prisoner suits." *King*, 781 F.3d at 896. Plaintiff did what the Inmate Complaint Review System requires—he filed an inmate complaint stating whose conduct violated his rights. The ICE determined that Plaintiff's inmate complaint was timely filed. Plaintiff should not be faulted for the ICE's failure to refer the inmate complaint to GBCI or address his concerns regarding his treatment at GBCI. Because Defendant failed to show that Plaintiff did not exhaust the available administrative remedies, the Court will deny her motion.

## CONCLUSION

For these reasons, Defendant's motion for summary judgment (ECF No. 52) is **DENIED**. The Court lifts the stay currently in place on Plaintiff's motion for summary judgment. Defendant's response to Plaintiff's motion for summary judgment is due March 3, 2027. The Court will extend the discovery deadline to February 1, 2027, and the dispositive motion deadline to March 3, 2027.

**SO ORDERED** at Green Bay, Wisconsin on November 9, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge